Filed 6/11/26  In re A.M. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re A.M., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B341199 (Super. Ct. No. 2009024052) (Ventura County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>A.M.,<br><br>    Defendant and Appellant. | |

A.M. appeals from a final dispositional order of the juvenile court (Welf. & Inst. Code, § 602).

In April of 2009, A.M., age 14, attended a party.  S.S., a 16-year-old rival gang member, was also there.  S.S. and A.M. began

to fight.  A.M. stabbed S.S. multiple times.  S.S. died of his wounds.[1]

In 2013, the district attorney charged A.M. as an adult with the murder of S.S.  A jury convicted him of first-degree murder (Pen. Code, §§ 187, subd. (a), 189, subd. (a)) and found true allegations that he personally used a deadly weapon and committed his crime for the benefit of a criminal street gang. (*Id.*, §§ 12022, subd. (b)(1), 186.22 subd. (b)(1)).  The jury also found true a gang-murder special circumstance allegation.  (*Id.*, § 190.2, subd. (a)(22)).  The trial court sentenced A.M. to 26 years to life in state prison.  A.M. was also ordered to register as a gang offender (see § 186.30).

In 2021, A.M. moved this court to recall the remittitur in his underlying case, contending he was entitled to relief pursuant to Proposition 57 and its amendments, including Senate Bill 1391.  The Attorney General conceded that Proposition 57 applied to A.M.'s case.  We declined to recall the remittitur and elected to treat A.M.'s motion as a petition for habeas corpus.  We issued an order to show cause to the superior court.  The superior court conditionally reversed the judgment and ordered the juvenile court to conduct a transfer hearing pursuant to Proposition 57.  The juvenile court conducted the hearing, granted the district attorney's motion to transfer A.M.'s case to criminal court, and reinstated the judgment.

In 2023, A.M. appealed the decision to transfer his case to criminal court.  We reversed the order granting the district attorney's motion to transfer A.M.'s case to criminal court,

---

[1] We summarize the statement of facts from our published opinion in A.M.'s prior appeal.  (*In re A.M.* (2024) 102 Cal.App.5th 557, 560.)

vacated the true finding on the gang-murder special circumstance, and struck the requirement for A.M. to register as a gang offender. Our majority opinion held that the juvenile court had to hold a dispositional hearing and treat his murder conviction as a juvenile adjudication and impose an appropriate disposition. We also ruled that prosecutors had the option of retrying the gang-murder special circumstance and meeting the new burden of proof under Assembly Bill 333.

The juvenile court held a dispositional hearing on remand. It ordered A.M. be committed to a secured youth treatment facility with a maximum confinement period of two years from the date of commitment pursuant to Welfare and Institutions Code sections 607, subdivision (c), and 875 subdivision (c)(1)(A). The court also authorized a step down to a less restrictive program.

We appointed counsel to represent A.M. on this appeal. Counsel examined the record and filed an opening brief requesting that this court independently review the entire record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

On February 18, 2026, we sent a notice to the Ventura County Public Defender's Office for A.M., as that was the last known address available to counsel. The notice advised A.M. that he had 30 days to submit any grounds for appeal, contentions, or arguments he wished us to consider. We have received no such submission from A.M.

We have reviewed the entire record and are satisfied that A.M.'s counsel on appeal has fully complied with their responsibilities, no arguable issue exists, and there is no showing of error. (*Wende*, *supra*, 25 Cal.3d at p. 443.)

DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.

BALTODANO, J.

We concur:


YEGAN, Acting P. J.


CODY, J.

4

Ferdinand Inumerable, Judge

Superior Court County of Ventura

_____

     Mi Kim, under appointment by the Court of Appeal, for Defendant and Appellant.

     No appearance for Plaintiff and Respondent.